DAUKSCH, Judge.
This is an appeal from a summary judgment in a deed restriction case. Appellant is empowered to enforce certain deed restrictions governing the design, location and conformity of houses built upon lots in Spring Hill subdivision. When appellees began erecting a modular home upon their lot they were notified that they were in violation of the restrictions for failing to submit their plans and specifications for approval. The applicable restriction says:
No building or structure shall be erected, placed or altered on any building lot in this subdivision until the building plans, specifications and plot plan showing the location of such building or structure has been approved in writing as to conformity and harmony of design with existing structures in the subdivision and as to structural engineering and design and as to the location of the building with respect to topography and finished ground elevation, by a committee appointed by the subdivider, its successors and assigns; provided, however, in the event such a committee is not in existence or fails to take official action with respect to approval or disapproval of any such design or designs, or location within thirty (30) days then such approval will not be required, provided that the design and location on the lot conform to and are in harmony with the existing structures on the lots in this subdivision. In any event, either with or without the approval of the committee, the floor areas and set back requirements of the building shall conform with the requirements contained in these restrictions.
The trial judge entered a summary judgment against appellant because he found that appellees were not required to submit their plans. The judge said that because the association sought an unauthorized $25 charge for its review of the plans that it would have been a useless act for appellees to submit their plans while refusing to pay the $25 charge. We disagree. Both appellees and the trial court were premature in their judgments. Ap-pellees are required under the deed restrictions to submit their plans and specifications for approval. They are not required to pay the $25 fee. The proper course of conduct for them was, and is, for them to submit the plans and request approval based upon their merit. If approval is withheld beyond the thirty days mentioned in the deed restriction then they are free from the restriction and can build in accordance with the submitted plans and specifications; no matter the nonpayment of the fee. If approval is denied then they can pursue any legal or equitable rights they have. But they cannot simply refuse to submit their plans and specifications.
Likewise, the lower court should essentially ignore the nonpayment of the fee, require the submission of the plans and specifications and let the dispute flow from there.
The court has received by way of affidavit and other evidence at least a portion of each side’s contention regarding whether or not the plans and specifications are in conformity and compliance. Upon *213 remand a trial should be held to complete the submission of evidence for both sides. If the court finds based upon the greater weight of the evidence that the committee unreasonably withheld its approval or simply neglected to give approval then judgment should be for the appellee. However, if the evidence shows that the committee is correct in its determination that the design and location on the lot are not in harmony with existing structures on other lots then judgment should be for appellant. Because appellees saw fit to take the risk of their refusal to submit the plans and specifications there cannot be any concern for the fact that the structure has already been erected upon the lot.
We reverse the summary judgment and remand this matter for trial upon the issue whether the building erected upon the lot conforms with the restrictions.
REVERSED and REMANDED.
SHARP, C.J., concurs.
COWART, J., dissents without opinion.